Clark v. Carlton.

## A. R. CLARK v. A. M. CARLTON.

1. CHANCERY PLEADING AND PRACTICE. *Bill to enforce vendor's lien. Collateral security. Parol evidence inadmissible, when.* Upon bill filed to enforce a vendor's lien, parol evidence is inadmissible to sustain the defense by answer that the vendor had received certain notes in payment of the installments of purchase money then due, the defendant's endorsements on the notes showing that they were assigned as colla teral security.

2. SAME. *Attorney's fees. Reference.* Where a deed of conveyance, after describing the purchase notes sufficiently to identify them, retained a lien on the land for the "due payment of said notes," the lien will cover the reasonable fees of attorneys provided for on the face of the notes for their collection, although this feature of the notes be not mentioned in the deed. Evidence as to the amount of the fees having been introduced by the complainant in advance of the hearing on the merits, a reference at the hearing to the Clerk to take proof and report upon them could not prejudice the defendant, and would not be error of which he could complain.

3. SAME. *Whether land sold under vendor's bill should be divided not an issue on the merits.* Whether land sought to be sold under a vendor's bill can be divided or should be sold in a body is not a matter in issue on the merits, and may be ascertained by reference after a hearing on the merits.

4. SAME. *Instanter reference may be ordered.* Under our practice the law presumes that the parties litigant are present in Court during the term, and the Court may order a reference to be execu.ed instanter, with or without notice to the party or his solicitor, and error cannot be assigned upon the discretionary action of the Chancellor in this regard, without showing facts which establish an improper exercise of the discretion to the injury of the parties.

Clark *v.* Carlton.

**5. SAME.** *Cross-bill filed after trial term will not stay hearing of ori-. ginal cause.* Where an application to file a cross-bill is not made until the trial term, the Court, while granting the application, may refuse to stay the trial of the original cause, and should do so where the matters set up constitute no defense to the relief which may be granted.

### FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch.

E. J. & J. C. READ for Complainant.

J. W. E. MOORE for Defendant.

COOPER, J., delivered the opinion of the Court.

On the 10th of November, 1874, the complainant, by his attorney in fact, and the defendant entered into an agreement in writing, by which the complainant agreed to sell and the defendant to buy a tract of land described, at the price of $6,500, for which the defendant was to execute his notes in equal installments, falling due on the 1st of January, 1876, and the same day of each succeeding year to 1881, inclusive, the first note to bear interest at the rate of ten per cent. per annum from date. The defendant further agreed to give a deed of trust on land to secure the payment of the two notes first falling due. The form of the note was agreed upon, and the payment of all the notes was to be secured by a lien on the land sold.

The complainant lived in the State of Illinois, and this agreement, together with a deed in accord-

ance therewith, and the form of the proposed note, was sent to him for approval, and for execution of the deed.

On the 11th of November, 1874, the defendant sold to a third person the land on which he expected to give a deed of trust to secure the first two of his notes, taking from the purchaser his three notes at one, two and three years for $800 each.

The complainant having approved the sale, sent back his deed executed in conformity with the agreement of sale, which was delivered to the defendant, who gave his notes for the purchase money as agreed upon. But instead of making a trust conveyance to secure the first two of the notes, according to the written agreement, the defendant, by endorsement in writing, assigned the three notes, for which he had sold the land to the complainant, as collateral security for the payment of said first two notes, the endorsements, signed by the defendant, expressly specifying that the note were assigned as " collateral security."

The defendant at once went into possession of the land under the sale.

This bill was filed on the 1st of February, 1877, to enforce the lien reserved in favor of the complainant, on the land sold to the defendant, for the payment of the purchase money, the first two notes being then past due and unpaid, except a credit of $525 derived from the collaterals and applied to the first note.

Upon a final hearing the Chancellor rendered a decree in favor of the complainant, and ordered the entire land to be sold under the provisions of the statute. Defendant appealed.

The defense set up in the answer of the defendant was that the three notes assigned by the defendant to the complainant were assigned and received in payment of the first two of his own notes, and not as collateral security.

The Chancellor held otherwise, and his ruling is made a ground of error.

The assignment on the notes being in writing, and expressly specifying on their face that the notes were assigned as collateral security, parol evidence was inadmissible to contradict them. But the parol testimony leaves not a particle of doubt that the defense was without a shadow of foundation, and this, too, even if the complainant's deposition be excluded.

It is next objected that the Chancellor erred in decreeing a lien on the land for the attorney's fees.

Each of the defendant's notes for the purchase money recites that it is for one of the payments on the land sold by the complainant to him, and adds : "Should this note be sued on, I agree to pay reasonable attorney's fees for the collection of the same."

The deed of the complainant to the defendant, conveying the land, after describing the notes, provides : "It is hereby expressly agreed and under-

stood that a lien be and is hereby expressly re-
tained on said land for due payment of said
notes." The description of the notes in the deed
does not include the stipulation for the payment
of attorney's fees, but it identifies the notes, and the
defendant admits that these were the notes given
for the land. The lien reserved is for the pay-
ment of the notes, and necessarily covers any legal
stipulation therein contained. It is not insisted by
the defendant that the stipulation in question was
in any way illegal.

It is argued that the Court erred in making
in the decree adjudging the right of the parties
a reference to the Clerk and Master to ascertain
the amount of the fees which could be claimed
under this stipulation. The argument is that the
proof should have been taken in advance of the
hearing. Strictly the point is well taken, although
the Court would be slow to revise the discretion-
ary power of the Chancellor to allow omissions of
evidence to be supplied in the mode adopted.
But in this case there is proof, taken before the
hearing, of what would be a reasonable fee for a
suit on these notes, the proof, made by one of
the complainant's solicitors, being in accord with
the testimony taken on the reference; and there
is no evidence to the contrary. The Chancellor
might, and probably ought to have ruled on the
point without a reference, and the reference cer-
tainly did not prejudice the defendant.

The reference to ascertain whether the land

could or could not be divided stands upon a different footing. That was not an issue on the merits, but as to the mode of sale after the merits were determined. The Chancellor had full power to make it, and the order requiring a report instanter during the same term, the Conrt had the undoubted power to prescribe the length of notice of the execution of the reference, and that it should be served on the solicitor instead of the party. The law presumes, under our practice, that the party to a suit is in attendance during the term, and notice upon the solicitor is, in such case, notice to him. No doubt, upon proper application, the Chancellor would so exercise the power the law confers upon him over the parties during the term, that no injustice should be done. No such application was made in this case. The burden is upon the appellant to show facts establishing an abuse of the judicial discretion. The exceptions to the Clerk and Master's report upon the reference, where not frivolous, were based upon the mistaken notion as to the power of the Chancellor. They were properly overruled.

At the term of the Court at which the cause was heard by the Chancellor, the defendant undertook to file a cross-bill without permission. Upon motion, after the cause was called for trial, the Chancellor ordered it to be taken from the files. The defendant then moved the Court for leave to file it as a cross-bill, and for a stay of proceedings in the original cause until the matters of the

Clark *v.* Carlton.

cross-bill were ready for hearing. The Chancellor refused the motion, but expressed a willingness to allow the bill to remain on the files as an original bill. The defendant, during the progress of the trial, twice renewed the motion, proffering, upon the last application, the bill with an amendment sworn to by his client. The Chancellor disallowed the first of these motions, but on the last occasion he allowed the bill and amendment to be filed, so as not to delay the hearing of the original cause. He suggested that if the defendant desired he might incorporate the amendment in his bill, and file the same as an original bill.

The Chancellor was undoubtedly right in all these rulings. It was in his discretion, even if the application disclosed a proper case for a cross-bill, to refuse to stay the trial of the original cause: *Brown* v. *Bell*, 4 Hayw., 287. The grounds of the proposed bill were that there were defects not specified, in the complainant's title, and an encumbrance on the land which is specified. A mere averment that there are defects of title, without stating facts from which the Court can see that defects do exist, is, of course, mere sound, signifying nothing. But the authorities are uniform that a defect of title is no defense to a bill to enforce the vendor's lien: *Hurley* v. *Coleman*, 3 Head, 265; *Curd* v. *Davis*, 1 Heis., 574; *Jones* v. *Fulghum*, 3 Tenn. Ch., 200. It may be a defense to a money decree for the surplus after exhausting the property, under some circumstances, but

the Chancellor expressly reserved the rendition of a formal decree until after a sale of the property. Ordinarily, the vendee in possession. under a deed must rely upon the covenants of his deed: *Topp* v. *White*, 12 Heis., 175. The existence of an encumbrance would be matter for an original, not a cross-bill, and could be of no avail, except . as a set-off to a money decree: *Cohen* v. *Woolard*, 2 Tenn. Ch., 686.

The Chancellor's decree will be affirmed, with costs, and the cause remanded to be proceeded in.